JAMES M. NORRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norris v. Commissioner
Docket Nos. 10872-81, 9312-82
United States Tax Court
T.C. Memo 1983-45; 1983 Tax Ct. Memo LEXIS 749; 45 T.C.M. (CCH) 577; T.C.M. (RIA) 83045; January 24, 1983. James M. Norris, pro se. James Kamman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: These consolidated cases were assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *750 OPINION OF THE SPECIAL TRIAL JUDGE HELLETT, Special Trial Judge: Respondent determined deficiencies in petitioner's 1977 and 1978 Federal income tax in the amounts of $1,089 and $1,772.85, respectively. The issue for decision is whether petitioner is entitled to adjustments to gross income and credits claimed on his returns for 1977 and 1978. Petitioner was a resident of Los Angeles, California, at the time the petitions in these cases were filed. Petitioner filed a 1977 Federal income tax return reflecting Naval retirement pay totaling $9,174 and wages he received from Pinkertons, Inc. during the taxable year of $6,632. On line 28 of the return, petitioner claimed $3,400 as an adjustment to gross income. The return indicated that this adjustment was from "Schedule RP", which is a form provided for calculating the Credit for the Elderly pursuant to section 37. In arriving at his tax liability, petitioner also claimed a Credit for the Elderly in the amount of $176. Petitioner's 1978 return reflected Naval retirement pay of $9,800 and wages from Pinkertons, Inc. in the amount of $6,397. The return reflected no specific adjustments to total gross income, but showed *751 adjusted gross income as $11,797. Petitioner also claimed on his 1970 return a Credit for the Elderly in the amount of $587.83. On October 9, 1978, respondent mailed to petitioner a notice that respondent, in processing petitioner's 1977 return, determined that there were math errors on the return and made resulting adjustments to petitioner's tax liability. In this regard, respondent's notice reflected that petitioner incorrectly claimed an adjustment to gross income in the amount of $3,400, and a retirement income credit of $176. Petitioner thereafter indicated his disagreement with respondent's math error adjustments and on February 10, 1981, respondent mailed to petitioner a deficiency notice for the taxable year 1977 in the amount of $1,089. On May 21, 1979, respondent notified petitioner as to math error adjustments with respect to petitioner's 1978 return. Respondent determined that petitioner incorrectly reduced his gross income in arriving at adjusted gross income and incorrectly claimed a Credit for the Elderly. Petitioner indicated his disagreement with respondent's adjustments in this regard, and on February 2, 1982, respondent issued a notice of deficiency for *752 the tax year 1978 in the amount of $1,772.85. With respect to petitioner's adjustment to gross income for the year 1977 in the amount of $3,400, petitioner apparently bases this adjustment upon his understanding that he is entitled to an adjustment of $2,500 with respect to his Naval retirement income, and $900 with respect to his earned income, in arriving at his taxable income. There is simply no provision in the law permitting these adjustments and we sustain respondent's determination. Likewise, respondent correctly determined that petitioner is not entitled to a Credit for the Elderly for the tax year 1977. In this regard, under section 37(c) the base upon which the credit can be calculated (a maximum amount of $2,500 for petitioner) must be adjusted by one-half of a taxpayer's adjusted gross income over $7,500. Since petitioner's adjusted gross income exceeded $12,500, the base upon which his credit could be calculated is zero. Section 37(e) provides an alternative computation for individuals, such as petitioner, receiving military retirement pay, but it requires that the maximum amount of retirement income available for the credit ($2,500) be reduced by the taxpayer's *753 earned income in excess of $900, where the taxpayer is under age 62, and, for taxpayers 62 or older, by one-half of the earned income in excess of $1,200 but not in excess of $1,700, and all of the earned income in excess of $1,700. Petitioner's earned income from Pinkertons, Inc. clearly eliminates any potential for a credit under section 37(e). As to the tax year 1978, the record does not contain an explanation as to petitioner's basis for reducing his gross income from wages and retirement pay of $16,197, to adjusted gross income of $11,797. Petitioner has failed to prove that he had any valid adjustments to gross income in this regard. With respect to the Credit for the Elderly claimed by petitioner for 1978, petitioner's wages from Pinkertons, Inc. likewise eliminates any base upon which the credit could be calculated under section 37. Finally, petitioner apparently complains of the procedure followed by respondent with respect to the math error notifications and assessments and the subsequent issuances of notices of deficiency for both of the tax years in issue. Respondent clearly followed the procedures called for by section 6213(b)(1) and (2). [3]
*754 Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. This Court has no jurisdiction over the collection of taxes. However, we presume respondent will give petitioner credit for any payments of tax for the years here involved made prior or subsequent to the issuance of the notice of deficiency. See Robbins Tire & Rubber Co. v. Commissioner,53 T.C. 275 (1969); Scofield v. Commissioner,T.C.Memo. 1954-96↩.